UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JACOB R. PRATT ) <br> v. ) <br> NEVADA BOARD OF PAROLE ) <br> COMMISSIONERS, *et al* ) <br> ) <br> JACOB R. PRATT ) <br> v. ) <br> NEVADA BOARD OF PRISON ) <br> COMMISSIONERS, *et al* ) <br> ) <br> JACOB R. PRATT ) <br> v. ) <br> HEALER, *et al* ) <br> ) <br> _____ ) | Case No. 3:15-cv-00505-MMD-WGC <br><br><br><br><br> Case No. 3:16-cv-00085-MMD-WGC <br><br><br><br><br> Case No. 3:16-cv-00367-MMD-WGC <br><br> **MINUTES OF PROCEEDINGS** <br><br> March 22, 2017 |

PRESENT:   <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>Katie Lynn Ogden</u>        REPORTER:   <u>        FTR        </u>

COUNSEL FOR PLAINTIFF: <u>Jacob R. Pratt (Telephonically)                    </u>

COUNSEL FOR DEFENDANTS:  <u>Kathleen Brady (Telephonically, Case No. 3:15-cv-505);</u>

<u>Benjamin Johnson (Telephonically, Case No. 3:16-cv-85) and Ian Carr (Telephonically,</u>

<u>Case No. 3:16-cv-367)</u>

**MINUTES OF PROCEEDINGS: Motions Hearing**

1:32 p.m.  Court convenes.

    The court holds today's conference to address similar motions filed by Plaintiff in three separate cases, in which Mr. Pratt requests the court appoint counsel or alternatively dismiss the case without prejudice.  The three cases include: (1) *Pratt v. Nevada Board of Parole Commissioners, et al.*, Case No. 3:15-cv-00505-MMD-WGC; (2) *Pratt v. Nevada Board of Prison Commissioners, et al.*, Case No. 3:16-cv-00085-MMD-WGC; and
(3) *Pratt v. Healer, et al.*, (Case No. 3:16-cv-00367-MMD-WGC).

///

Minutes of Proceedings
3:15-cv-00505-MMD-WGC
3:16-cv-00085-MMD-WGC
3:16-cv-00367-MMD-WGC
March 22, 2017

      The court first generally discusses with Plaintiff his request for the court to appoint counsel. Mr. Pratt contends he will not be able to litigate the matters filed in the District of Nevada while he is housed at Northeast New Mexico Detention Facility ("NENMDF"). Mr. Pratt states the law library at NENMDF does not maintain Nevada statutes, case law or decisions from the Ninth Circuit Court of Appeals that is necessary to litigate his matters. Additionally, Mr. Pratt states he does not have access whatsoever to the internet nor Westlaw, only LexisNexis.

      The court next inquires why Mr. Pratt has not filed reply memoranda to the responses Defendants have filed in each of the three cases regarding his motion for appointment of counsel or alternatively dismiss the case without prejudice. Mr. Pratt indicates that because he has been transferred three times within the last three months he has not had access to all his legal documents nor, to his knowledge, has he received all of the responses. Mr. Pratt states he was just provided his legal documents as of last week.

      The court next discusses with Plaintiff his request to alternatively dismiss his cases without prejudice. Mr. Pratt explains that should he not be granted court appointed counsel, he will likely seek a dismissal in his cases without prejudice so he can file at a later date. Mr. Pratt is advised by court that by requesting a dismissal without prejudice in any of these actions he runs the risk of the cases being dismissed *with* prejudice because if the statutes of limitations expire he will likely be prevented from refiling the cases.

      After general discussion with Plaintiff, the court next addresses each case individually as follows:

**A.**     *Pratt v. Nevada Board of Parole Commissioners, et al* **(3:15-cv-00505-MMD-WGC)**

      Plaintiff filed a "Motion for Appointment of Counsel Request for Dismissal Without Prejudice" (ECF No. 27). Defendants filed a response to the motion for appointment of counsel (ECF No. 28) and a separate notice of non-opposition to Plaintiff's request for dismissal without prejudice of the action (ECF No. 29). Plaintiff failed to submit a reply.

      DAG Brady responds to Plaintiff's oral arguments from earlier discussions stating, with the exception of Chapter 213 o f the Nevada Revised Statute and related administrative regulations, Plaintiff should be capable of litigating this matter without having access to research specific Nevada state law. DAG Brady further reports that Plaintiff has been provided with his Presentence Investigation Reports and a DVD that contains information relevant to this case; however, DAG Brady is unable to confirm whether they were sent to NENMDF or not.

Minutes of Proceedings
3:15-cv-00505-MMD-WGC
3:16-cv-00085-MMD-WGC
3:16-cv-00367-MMD-WGC
March 22, 2017

  Overall, DAG Brady represents it is the Defendants' position that Mr. Pratt has failed to show exceptional circumstance to warrant court appointed counsel. DAG Brady, however, agrees to send Plaintiff a copy of Chapter 213 of Nevada Revised Statute, a copy of Chapter 213 Nevada Administrative Code and a copy of the table of contents from the Section 1983 Outline from the United States Court of Appeals for the Ninth Circuit Office of Staff Attorneys. Additionally, DAG Brady agrees to verify that the Warden's Office at NENMDF has a copy of the Mr. Pratt's Presentence Investigation Reports and the DVD. Mr. Pratt is reminded to kite the Warden's Office to review the documents and DVD.

  The court briefly discusses Defendants' "Motion to Dismiss (or Alternatively Motion for Summary Judgment)" (ECF No. 16). The court notes that the Plaintiff has also failed to respond to this motion. Plaintiff indicates he has received the Defendants' motion; however, he has not had the opportunity to prepare a sufficient response because he was just provided his legal documentation as of last week. Mr. Pratt states he may need to conduct some discovery to adequately respond to the Defendants' motion.

  After hearing from counsel, Mr. Pratt, reviewing the claims allowed to proceed pursuant to the screening order (ECF No. 6) and the willingness of the AG's office to provide Mr. Pratt with information concerning this case, the court finds Mr. Pratt will have sufficient means to litigate this matter. Additionally, the court finds Plaintiff has demonstrated his ability to adequately articulate his claims in this matter. Therefore, IT IS ORDERED that Plaintiff's "Motion for Appointment of Counsel" (ECF No. 27) is **DENIED without prejudice**.

  In view of the court's findings with regard to the motion to appoint counsel, the court suggests Plaintiff consider filing a motion to strike his request to alternatively dismiss the case without prejudice.

  IT IS FURTHER ORDERED that Plaintiff's response to Defendants' "Motion to Dismiss (or Alternatively Motion for Summary Judgment)" (ECF No. 16) is due no later than **Friday, 4/14/2017**. The court advises Mr. Pratt of Fed. R. Civ. P. 56(d) with regard to responding to a motion for summary judgment.

  IT IS FURTHER ORDERED that Defendants' "Motion to Stay Discovery" is **DENIED** and the following deadlines are established:

- Discovery Cut-Off: **Friday, 6/30/2017**;

- Dispositive Motion(s): **Friday, 7/28/2017**;

3

Minutes of Proceedings
3:15-cv-00505-MMD-WGC
3:16-cv-00085-MMD-WGC
3:16-cv-00367-MMD-WGC
March 22, 2017

- Proposed Joint Pretrial Order: **Thursday, 8/31/2017**.  In the event dispositive motions are filed, the deadline to file a joint pretrial order is suspended until thirty (30) days after decision on the dispositive motions or further court order.

IT IS FURTHER ORDERED that the Defendants' "Motion to Dismiss (or Alternatively Motion for Summary Judgment)" (ECF No. 16) is hereby administratively **RE-FILED as of today's date (3/22/2017)**.  DAG Brady is not required to take any action with regard to the re-filing of Defendants' motion.

B.   *Pratt v. Nevada Board of Prison Commissioners, et al* **(3:16-cv-00085-MMD-WGC)**

The court summarizes the status of the case and notes a scheduling order has been entered (ECF No. 13).  Plaintiff filed a "Motion for Appointment of Counsel/Request for Dismissal Without Prejudice" (ECF No. 17).  Defendants' filed a response to Plaintiff's motion for appointment of counsel (ECF No. 20); however, the response does not appear to address Plaintiff's alternative request to dismiss the case without prejudice.  Plaintiff failed to file a reply.

Mr. Pratt explains he has not conducted discovery in this case and requests an extension of time as to the discovery deadlines.

DAG Johnson has no objection to Plaintiff's request for an extension of time.

IT IS ORDERED that Plaintiff's request for an extension of time is **GRANTED**.  The following deadlines are extended as follows:

- Discovery Cut-Off: **Friday, 5/19/2017**;

- Dispositive Motion(s): **Friday, 6/23/2017**;

- Proposed Joint Pretrial Order: **Friday, 7/28/2017**. In the event dispositive motions are filed, the deadline to file a joint pretrial order is suspended until thirty (30) days after decision on the dispositive motions or further court order.

The court advises Plaintiff that, similar to the pervious case, the claims allowed to proceed in this case pursuant to the screening order (ECF No. 4) relate to federal law and Plaintiff is able to litigate the claims asserted in the complaint.  Furthermore, the court fins that

Minutes of Proceedings
3:15-cv-00505-MMD-WGC
3:16-cv-00085-MMD-WGC
3:16-cv-00367-MMD-WGC
March 22, 2017

Mr. Pratt is able to adequately articulate his claims in this case.  Therefore, IT IS ORDERED that Plaintiff's "Motion for Appointment of Counsel" (ECF No. 17) is **DENIED without prejudice**.

Plaintiff states that, in view of the court's order with regard to the appointment of counsel and that his observation of the claims asserted in this case are at this time moot due to his transfer to NENMDF, Mr. Pratt requests the court consider granting his request for dismissal of this action without prejudice.

The court declines to rule on the Plaintiff's request to dismiss the case without prejudice.  However, the court suggests alternatively Mr. Pratt and DAG Johnson further discuss Plaintiff's request to dismiss this case without prejudice and submit a stipulation to dismiss the case without prejudice.  The court reminds Plaintiff, as with the previous case, he runs the risk of his civil rights claims in this case being barred in light of Nevada's two year statute of limitations.

DAG Johnson acknowledges the court suggestion to draft a stipulation for dismissal with prejudice and provide the draft to Plaintiff for his review.

C.    *Pratt v. Healer, et al* **(3:16-cv-00367-MMD-WGC)**

The court reviews the status of the case and notes a scheduling order has been entered (ECF No. 23).  Plaintiff filed a "Motion for Appointment of Counsel/Request for Dismissal Without Prejudice," which the Clerk's Office separated as individual motions.  The motion for appointment of counsel is entered as ECF No. 27 and the request to dismiss the action without prejudice is entered as ECF No. 28.  Defendants filed a response to the motion for appointment of counsel (ECF No. 30) and a non-opposition to the motion dismiss without prejudice (ECF No. 31).  Plaintiff failed to reply to either response.

The court states for the reasons provided in the previous two cases, IT IS ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 27) is **DENIED without prejudice**.

The court is under the impression that Plaintiff wishes to proceed to litigate this matter although he will be doing so *pro se*; therefore, IT IS FURTHER ORDERED that Plaintiff's request to dismiss this action without prejudice (ECF No. 28) is **DENIED**.

In light of Plaintiff's transfer from institution to institution, the court finds good cause to extend the discovery deadlines.  Therefore, the following deadlines are extended:

- Discovery Cut-Off: **Friday, 6/16/2017**;

Minutes of Proceedings
3:15-cv-00505-MMD-WGC
3:16-cv-00085-MMD-WGC
3:16-cv-00367-MMD-WGC
March 22, 2017

- Dispositive Motion(s): **Friday, 7/21/2017**; and

- Proposed Joint Pretrial Order: **Friday, 8/25/2017**. In the event dispositive motions are filed, the deadline to file a joint pretrial order is suspended until thirty (30) days after decision on the dispositive motions or further court order.

There being no additional matters to address at this time, court adjourns at 2:42 p.m.

DEBRA K. KEMPI, CLERK OF COURT

By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk